IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 7 CASE |
| | ) | |
| FRANCO SANFELICE | ) | CASE NO. 06-09033 |
| | ) | |
| Debtor(s) | ) | Hon. JOHN SQUIRES |
| | ) | BANKRUPTCY JUDGE |
| | ) | |

## TRUSTEE'S FINAL REPORT

To:   THE HONORABLE JOHN SQUIRES
      BANKRUPTCY JUDGE

NOW COMES Brenda Porter Helms, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report in accordance with 11 U.S.C. Section 704(9).

1. The Petition commencing this case was filed on 27th day of July, 2006. Brenda Porter Helms was appointed Trustee on the same date. The Trustee's bond in this case is included as part of the Trustee's blanket bond coverage.

2. The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee: there is no other property belonging to the estate: there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor(s) discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee to administer this estate are set forth on Exhibit A.

3. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is unknown. The property abandoned, or sought to be abandoned, along with the reasons for abandonment, is described in Exhibit B.

4. A summary of the Trustee's final account as of February 22, 2008 is as follows:

   a.   RECEIPTS (See Exhibit C)                                       $ 55,253.25

|   |   |   |   |
|---|---|---|---|
| b. | DISBURSEMENTS (See Exhibit C) | | $ 0.00 |
| c. | NET CASH available for distribution | | $ 55,253.25 |
| d. | ADMINISTRATIVE EXPENSES: | | |
|    | 1. | Trustee compensation requested (See Exhibit E) | $3,822.53 |
|    | 2. | Trustee Expenses (See Exhibit E) | $528.98 |
|    | 3. | Compensation requested by attorney or other professionals for trustee (See Exhibit F) | $2,870.00 |
|    | 4. | Adversary filing fee | $250.00 |

5. The Bar Date for filing unsecured claims expired on December 29, 2006.

6. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (See Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. | Allowed unpaid secured claims | $0.00 |
| b. | Chapter 7 administrative claims and 28 U.S.C. §1930 claims | $7,471.51 |
| c. | Allowed Chapter 11 administrative claims | $0.00 |
| d. | Allowed priority claims | $0.00 |
| e. | Allowed unsecured claims, including interest | $23,253.79 |
| f. | Other: surplus to debtor | $24,527.95 |

7. Trustee proposes that unsecured creditors receive a distribution of 100% of allowed claims, plus interest.

8. Total compensation previously awarded to Trustee's counsel, accountant or other professional was $0.00. Trustee's attorneys', accountants', or other professionals' compensation requested but not yet allowed is $2,870.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $2,870.00. (See Exhibit G).

9. A fee of $1,000.00 was paid to Debtor's attorney for services rendered in connection with this case, and a hearing pursuant to 11 U.S.C. §329 is pending.

**WHEREFORE,** the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing under 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report, and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

DATE: __2/22/08__

/s/ Brenda Porter Helms
Brenda Porter Helms, Trustee
3400 W. Lawrence Avenue
Chicago, IL 60625

## TASKS PERFORMED BY TRUSTEE

The Trustee reviewed the petition, schedules and statement of financial affairs filed by the debtor and conducted the first meeting of creditors (1 hour). The Trustee had several discussions with Gina Krol and Vincent Robertelli, counsel for a creditor regarding Alimondi's claim and the underlying state court lawsuit (.4 hours). On October 3, 2006, the Trustee prepared and sent to the Cook County Recorder of Deeds an Affidavit of Interested Party against the property at 3823 N. Osceola, Chicago (.8 hours).

The Trustee spoke to and met with the debtor's sister in law regarding the mother's estate, the house in which she lived, the mortgage obtained against the property by the other sister, building code violations and their efforts to obtain probate (1.4 hours). The Trustee requested and finally received a copy of the mother's will from Michael Miller, attorney, after exchanging three emails and conducting two telephone calls (.5 hours). On January 13, 2007, the Trustee drafted a letter to Jill Rose Quinn, attorney, who represented the independent executrix of the estate of Vincenza Sanfeclice (.5 hours). On January 15, 2007, the Trustee discussed the probate estate with Ms. Quinn (.3 hours). The Trustee prepared and filed her claim against the estate after reviewing the applicable state probate statute and obtaining the necessary forms (1.5 hours). The Trustee contacted Ms. Quinn on February 5 and February 15, 2007 regarding the status of a sale of the decedent's real estate (.6 hours). The Trustee also contacted Ms Quinn on July 12, 2007 to obtain the status on the sale of the real property (.3 hours).

On December 9, 2007, the Trustee received and reviewed the final accounting filed in the decedent's estate (.8 hours) and prepared a Receipt. Upon receipt of the debtor's share of the distribution, the Trustee deposited same in an interest bearing account (.4 hours) and obtained an estate tax identification number (.1 hours). The Trustee has reviewed and reconciled the monthly statements (.2 hours). The Trustee has also included this case in her annual trustee reports for the years 2006 and 2007

The Trustee issued a bar date notice for claims (.5 hours) and reviewed the claims filed (.5 hours). The Trustee has received at least five telephone calls from creditor Alimondi and responded to him with a status update (.8 hours).

On January 16, 2008, the Trustee wrote a letter to the debtor in response to the debtor's motion to dismiss his attorneys (.7 hours). The Trustee appeared in Court at the section 329 hearing on February 22, 2008 (.3 hours).

The Trustee has prepared the final report in this case (4 hours). The Trustee anticipates she will respond to any issues raised by the Office of U.S. Trustee regarding the form of the Final Report (.5 hours). The Trustee will appear in Court at the hearing on applications for compensation (.5 hours), will transfer the funds into a non-interest bearing account, prepare the

## EXHIBIT A

Final Distribution Report to be filed with the Court, obtain UST approval for same and issue the final distribution checks (1 hour). The Trustee will monitor the monthly bank statements until all checks have cleared, deposit any uncashed checks with the Clerk of the Court and prepare and file a Final Account to close the case (.5 hours).

18.1 hours @$325= $5,882.50

# DISPOSITION OF ESTATE PROPERTY

<u>Scheduled Property & Disposition</u>                                              <u>Amount Realized</u>

    See attached Individual Estate Property Record

    Property abandoned or to be abandoned:
    None

<u>Unscheduled Property</u>

    Post- petition interest of $30.91
    Decedent's estate distribution of $55,222.34
    Counterclaim v. Alimondi – no value to estate


|  |  |
|---|---:|
| TOTAL RECEIPTS | $55,253.25 |
| TOTAL SCHEDULED VALUE OF PROPERTY ABANDONED | $0.00 |
| TOTAL SCHEDULED VALUE OF EXEMPT PROPERTY | $190,800.00 |

EXHIBIT B

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

| Case No: | 06-09033 | SQU | Judge: JOHN SQUIRES |
|---|---|---|---|
| Case Name: | SANFELICE, FRANCO | | |
| For Period Ending: | 02/22/08 | | |

| Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|
| Date Filed (f) or Converted (c): | 07/27/06 (f) |
| 341(a) Meeting Date: | 09/26/06 |
| Claims Bar Date: | 12/29/06 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) Gross Value of Remaining Assets |
| 1. Decedent's estate distribution (u) | Unknown | 55,222.34 | | 55,222.34 | FA |
| 2. Post-Petition Interest Deposits (u) | Unknown | N/A | | 30.91 | Unknown |
| 3. RESIDENCE | 180,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 4. CASH ON HAND | 100.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. CHASE CHECKING ACCOUNT | 1,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. HOUSEHOLD GOODS AND FURNISHINGS | 2,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. WEARING APPAREL AND JEWELRY | 2,200.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. 1999 CHEVY VENTURE | 4,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. TOOLS | 1,500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 10. COUNTERCLAIM VS. ALIMONDI (u) | Unknown | 0.00 | DA | 0.00 | FA |

TOTALS (Excluding Unknown Values)    $190,800.00    $55,222.34    $55,253.25    

Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 12/08/08        Current Projected Date of Final Report (TFR): 12/08/08

/s/    BRENDA PORTER HELMS, TRUSTEE
_____    Date: 02/22/08
BRENDA PORTER HELMS, TRUSTEE

PFORM1

Ver: 12.62a

## ESTATE CASH RECEIPTS AND DISBURSEMENTS

See attached

EXHIBIT C

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 06-09033 -SQU | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|
| Case Name: | SANFELICE, FRANCO | Bank Name: | BANK OF AMERICA, N.A. |
|  |  | Account Number / CD #: | *******7365 Money Market - Interest Bearing |
| Taxpayer ID No: | *******6211 |  |  |
| For Period Ending: | 02/22/08 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|  |  |  | BALANCE FORWARD |  |  |  | 0.00 |
| 12/14/07 | 1 | Jill Rose Quinn, Attorney<br>4825 N. Mason Avenue Sts 104 & 105<br>Chicago IL 60630 | decedent's estate distribution | 1229-000 | 55,222.34 |  | 55,222.34 |
| 12/31/07 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.500 | 1270-000 | 9.03 |  | 55,231.37 |
| 01/31/08 | 2 | BANK OF AMERICA, N.A. | Interest Rate 0.400 | 1270-000 | 21.88 |  | 55,253.25 |

Total Of All Accounts 55,253.25

PFORM24

Ver: 12.52a

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTHERN ILLINOIS

IN RE:                                                      CHAPTER 7

FRANCO SANFELICE                                            CASE NO. 06-09033

            Debtor(s).                                      HON. JOHN SQUIRES

## PROPOSED DISTRIBUTION REPORT

I, BRENDA PORTER HELMS, trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution.

**SUMMARY OF DISTRIBUTION:**

| | |
|---|---:|
| Chapter 7 Administrative Expenses: | $7,471.51 |
| Chapter 11 Administrative Expenses: | $0.00 |
| Priority Claims (507(a)(3)-(a)(6)): | $0.00 |
| Secured Claims | $0.00 |
| Secured Tax Liens: | $0.00 |
| Priority Tax Claims: | $0.00 |
| General Unsecured Claims: | $21,484.02 |
| Interest (726(a)(5)): | $1,769.77 |
| Surplus to Debtor (726(a)(6)): | $24,527.95 |
| **TOTAL AMOUNT TO BE DISTRIBUTED:** | $55,253.25 |

EXHIBIT D

## REPORT OF DISTRIBUTION - CONT'D

| 1. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §506 - Secured Claims | $ 0.00 | 0.00 |

| 2. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) Chapter 7 Administrative Expenses and U.S. Trustee quarterly fees pursuant to 28 U.S.C. §1930(6) | $7,471.51 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
|  | Brenda Porter Helms, Trustee Trustee Compensation | $3,822.53 | $3,822.53 |
|  | Brenda Porter Helms, Trustee Trustee Expenses | $528.98 | $528.98 |
|  | Clerk, U.S. Bankruptcy Court Clerk of the Court Costs | $250.00 | $250.00 |
|  | Springer Brown Covey Gaertner & Davis Attorney for Trustee Fees | $2,870.00 | $2,870.00 |
| **CLASS TOTALS** | | **$7,471.51** | **$7,471.51** |

| 3. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a) & (b) and §507(a)(1) Chapter 11 administrative expenses | $ 0.00 | 0.00 |

| 4. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(1) - Domestic Support Obligations | $ 0.00 | 0.00 |

| 5. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(3) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | $ 0.00 | 0.00 |

| 6. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(4) - Wages, salaries or commissions limited to $10,000.00 | $ 0.00 | 0.00 |

| 7. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(5) - Contributions Employee Benefit Plans | $ 0.00 | 0.00 |

| 8. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(6) - Farmers' and Fishermans' claims to the extent of $4,925. | $ 0.00 | 0.00 |

| 9. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(7) - Deposits of consumers to the extent of $2,225 | $ 0.00 | 0.00 |

| 10. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §724(b) - Secured Tax Lien Claims | $ 0.00 | 0.00 |

| 11. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(8) - Unsecured Tax Claims excluding fines and penalties | $ 0.00 | 0.00 |

| 12. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(9) - Capital Commitments to Federal Depository Institutions | $ 0.00 | 0.00 |

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §507(a)(10) - Death & Personal Injury Claims for DUI | $ 0.00 | 0.00 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Unsecured Claims to be paid prorata after costs of administration and priority claims are paid in full | $ 21,484.02 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 2 | Sfc Central Bankruptcy General Unsecured 726 | $410.19 | $410.19 |
| 1 | Sherry And Eugenio Alimondi General Unsecured 726 | $21,073.83 | $21,073.83 |
| | CLASS TOTALS | $21,484.02 | $21,484.02 |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(3) - Tardily filed unsecured claims | $ 0.00 | 0.00 |

| 16. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| 726(a)(4) - Fines/penalties | $ 0.00 | 0.00 |

| 17. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(5) - Interest | $ 1,769.77 | 100% |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| 2 | Sfc Central Bankruptcy General Unsecured 726 | $33.79 | $33.79 |
| 1 | Sherry And Eugenio Alimondi General Unsecured 726 | $1,735.98 | $1,735.98 |
| | CLASS TOTALS | $1,769.77 | $1,769.77 |

| 18. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(6) - Surplus to Debtor | $ 24,527.95 | 100.00 |

| CLAIM NO. | CREDITOR | AMOUNT OF ALLOWED CLAIM | FINAL DIVIDEND |
|---|---|---|---|
| | Franco Sanfelice, Surplus Funds Paid to Debtor 726 | $24,527.95 | $24,527.95 |
| | CLASS TOTALS | $24,527.95 | $24,527.95 |

The following claims are not included in the distribution because they have been disallowed by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED/ WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
| | | | | |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: _____          _____